UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY WAYNE SNOW,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON HEALTHCARE,<br><br>    Defendant. | Case No. 1:19-cv-00305-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Zachary Wayne Snow is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 7.

Plaintiff has now filed an Amended Complaint. Dkt. 8. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.      Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3. Discussion

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse

of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff reasserts his claims that a medical provider's failure to warn Plaintiff of a potential side effect of Zoloft constituted constitutionally inadequate medical treatment in violation of the Eighth Amendment. Dkt. 8-1 at 1. In its Initial Review Order, the Court explained that the initial Complaint did not plausibly allege that the medical provider's failure to warn of the possibility of serotonin syndrome was the result of a policy or custom of Corizon, which is the private entity providing medical treatment to Idaho prisoners under contract with the IDOC. Dkt. 7 at 9; *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). The Court also explained that the Complaint plausibly alleged, at most, that the provider was negligent, which is insufficient to support an Eighth Amendment claim. *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Plaintiff's Amended Complaint suffers from the same deficiencies as the initial Complaint. To the extent Plaintiff attempts to transform his claim into a Fourteenth Amendment claim that he was deprived of information necessary for informed consent to medical treatment, Plaintiff still has not plausibly alleged that Corizon had an unconstitutional policy or that the medical provider acted with a sufficiently culpable state of mind. Thus, the Amended Complaint fails to state a federal claim for relief.

4.   **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially

pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has not stated a plausible claim for relief under federal law, the Court will dismiss Plaintiff's federal claims with prejudice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's asserting them in state court, as the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

## ORDER

**IT IS ORDERED** that, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: March 31, 2020

_____
David C. Nye
Chief U.S. District Court Judge