FILED

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZACHARY WAYNE SNOW, Plaintiff-Appellant, v. CORIZON HEALTHCARE, Defendant-Appellee. | No. 20-35520 D.C. No. 1:19-cv-00305-DCN MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Idaho state prisoner Zachary Wayne Snow appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations arising from a failure to disclose all side effects of his medication. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We vacate and remand.

The district court properly dismissed Snow's action because Snow failed to allege facts sufficient to state a plausible claim against Corizon under any potentially applicable standard. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law and a constitutional violation was caused by the entity's official policy or custom); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

However, dismissal without leave to amend of Snow's Fourteenth Amendment claim was premature because it is not "absolutely clear" that any deficiencies could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be given unless the

deficiencies in the complaint cannot be cured by amendment). Snow alleged that he filled out an Inmate Concern Form asking whether there were any side effects of his medications not listed on the medication consent form, and a staff member responded that the consent form included all side effects. Subsequently, Snow experienced serotonin syndrome, a rare but severe side effect that left him hospitalized for about one month. The prison then indicated that it would amend the consent form to make clear that not all side effects are listed in order to provide patients with an opportunity to ask questions regarding those additional side effects and obtain information on them as needed. With notice of the deficiencies from the district court, Snow may be able to allege a claim against Corizon or individual medical providers or prison officials for violation of his Fourteenth Amendment right to refuse medical treatment. *See Akhtar v. Mesa*, 698 17 F.3d 1202, 1212 (9th Cir. 2012) (before dismissing a pro se complaint, the district court must provide the litigant notice of the deficiencies to allow the litigant an opportunity to amend effectively); *cf. Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights . . . to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights intelligently." (citations omitted)). We vacate the judgment and remand for the district court to provide Snow with an opportunity to amend his Fourteenth Amendment claim.

Snow's motion to appoint counsel (Docket Entry No. 3) is denied. However, we recommend that the district court consider appointing pro bono counsel to assist Snow in alleging his Fourteenth Amendment claim.

The Clerk will file the opening brief submitted at Docket Entry No. 5.

**VACATED and REMANDED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Post Judgment Form - Rev. 12/2018    1

> ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ▶ The proceeding involves a question of exceptional importance; or
> ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

Post Judgment Form - Rev. 12/2018  2

(7 of 8)

Case: 19-55200, 03/25/2021, ID: 12052291, DktEntry: 03/25/21, Page 7 of 8
Case 2:15-cv-03052-DMG-DCument 291 Filed 03/25/21 Page 3 of 4

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018                                                         3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**      **Date**

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | TOTAL: | $ |

*__Example:__ Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 10**      Rev. 12/01/2018